IN THE UNITED STATES OF AMERICA
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| ANNE BANNON, Individually, and ex rel. UNITED STATES OF AMERICA and THE STATE OF ILLINOIS,<br><br>    Relators,<br><br>v.<br><br>EDGEWATER HOSPITAL, DOCTORS HOSPITAL, DR. ANDREW CUBRIA, DR. RAVI BARNABAS, DR. SATISH BARNABAS, UNIVERSAL GERIATRIC SERVICES, INC., and WELLNESS INSTITUTE, INC.,<br><br>    Defendants. | JUDGE LINDBERG<br>MAGISTRATE JUDGE KEYS<br><br>NO. 00C 7036<br><br>**FILED UNDER SEAL**<br><br>**JURY DEMAND** |

## COMPLAINT

Now comes the Relator, ANNE BANNON, Individually, and ex rel. UNITED STATES OF AMERICA and THE STATE OF ILLINOIS ("Relator"), by Sidney R. Berger, her attorney, and in support of her Complaint against the Defendants brought under the False Claims Act, states as follows:

### Jurisdiction and Venue

1. The court has jurisdiction over this action pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1345.

2. Venue is proper in this district pursuant to 31 U.S.C. § 3732(a).



## Parties

3. Relator Anne Bannon is a resident of Park Ridge, Illinois, who, for more than twenty-five years, has acted as a volunteer on behalf of elderly people (through Little Brothers and others) in and around the Chicago area.

4. Defendant Edgewater Hospital ("Edgewater") is an Illinois corporation which operates as a hospital providing medical care and treatment for its patients. Edgewater is located on the north side of Chicago in Cook County, Illinois.

5. Defendant Doctors Hospital ("Doctors") is an Illinois corporation which until recently operated as a hospital providing medical care and treatment for its patients. Doctors is located on the south side of Chicago in Cook County, Illinois.

6. Dr. Andrew Cubria is, upon information and belief, a doctor licensed to practice medicine in the State of Illinois. Dr. Cubria's specialty is cardiology. At all relevant times, Dr. Cubria maintained an office at Edgewater.

7. Dr. Ravi Barnabas ("R. Barnabas") is, upon information and belief, a doctor licensed to practice medicine in the State of Illinois. At all relevant times, Dr. R. Barnabas maintained privileges to practice medicine at both Edgewater and Doctors.

8. Dr. Satish Barnabas ("Dr. S. Barnabas") is, upon

2

information and belief, a doctor licensed to practice medicine in the State of Illinois. At all relevant times, Dr. S. Barnabas maintained privileges to practice medicine at both Edgewater and Doctors.

9. Defendant Wellness Institute, Inc. d/b/a Wellness Clinic ("Wellness"), is an Illinois corporation engaged in the business of providing medical treatment on behalf of its sick patients. Wellness is located at 2100 South Indiana, Chicago, Illinois, and is affiliated with Defendant Doctors. Upon information and belief, Defendants Drs. Barnabas and Cubria are affiliated with Wellness.

10. Defendant Universal Geriatric Services, Inc. ("Universal"), is an Illinois corporation which is engaged in the business of conducting diagnostic testing on the elderly at on-site locations of senior housing. Universal has offices located at 2100 North Southport, Chicago, Illinois. Prior thereto, its offices were located at 2100 South Indiana Avenue, Chicago, Illinois, which is the same address that Wellness is presently located. Upon information and belief, Defendants Cubria and Barnabas are affiliated with Universal.

3

**Factual Background**

11. Medicare is a national health insurance program approved by the United States Department of Health and Human Services ("HHS") pursuant to Title XVIII of the Social Security Act which provides health care benefits to the aged and to certain disabled persons under age 65.

12. Medicare consists of two distinct components: Part A, which provides hospital insurance, and Part B, which provides non-hospital insurance and is open on a voluntary basis to those eligible for Part A benefits.

13. Under Medicare, Part B, Medicare will reimburse providers who have provided medically necessary services on behalf of Medicare beneficiaries, a specific dollar amount for each such service provided. In general, the amount reimbursed by Medicare is 80% of the fair value of the service provided. The remaining 20% is called the co-pay and is the personal obligation of the Medicare beneficiary.

14. The Medicaid program is a federally assisted grant program which enables the states to provide medical assistance and related services to needy individuals. The Health Care Financing Administration ("HCFA") administers Medicaid on the federal level. Within broad federal rules, however, each state

4

decides who is eligible for Medicaid, the services covered, payment levels for services, and administrative procedures. The state directly pays providers of the services, with the state obtaining the federal share of the payment from accounts which draw on funds of the United States Treasury. 42 C.F.R. §430.0.

15. The State of Illinois, through the Illinois Department of Public Aid ("IDPA"), participates in the Medicaid program. IDPA receives 50% of its Medicaid funds from the federal government. A Medicare beneficiary who also qualifies for Medicaid will have the 20% co-pay claim presented to Medicaid.

16. HCFA has entered into contracts with various insurance carriers whereby the carrier, for a fixed sum of money, undertakes the payment of the medical claims filed on behalf of Medicare beneficiaries whose claims would otherwise be paid for by Medicare.

17. The key consideration for both HCFA and the carrier in negotiating the price of any contract is the anticipated amount of claims which will be filed during the contract term on behalf of the Medicare beneficiaries to be covered under the contract.

18. In its regular course of doing business, Defendant Universal sponsored "free clinics" on behalf of the elderly at various senior buildings in and around the Chicago area. The

senior buildings targeted were those with high concentrations of indigent seniors.

19. Defendant Universal enticed the elderly residents of the senior buildings to participate in its "free clinics" by offering free lunch. The employees of Universal who performed the diagnostic testing at the clinics were neither licensed medical doctors nor nurses.

**Scheme To Defraud**

20. On or about October 13, 1998, Universal sponsored a free clinic at Altgeld Gardens which is a HUD (Housing Urban Development) building housing the poor and the elderly. Altgeld Gardens is located on the far south side of Chicago at or around 130th Street.

21. At said time and place, free medical testing was performed on behalf of elderly residents of Altgeld Gardens including Dorothy C. ("Dorothy") who was 75 years old. The only physical complaint Dorothy had was periodic pain in her knee due to arthritis. After having her temperature and blood pressure taken, "the tester" from Universal informed Dorothy that her test results were such that it would be in her best interest to be seen by a doctor. The tester then offered to have Dorothy transported to and from the doctor's office and seen by the

Case: 1:00-cv-07036 Document #: 1 Filed: 11/08/00 Page 7 of 16 PageID #:7

doctor all at no cost to her. Dorothy agreed to this arrangement.

22. On or about October 14, 1998, the day after the free clinic, a van arrived at Altgeld Gardens to take Dorothy to see a doctor. In addition to Dorothy, the van picked up five or six other people who were also first examined at the clinic held the previous day.

23. The van drove everyone to see doctors who were all located on the north side of Chicago. Dorothy was taken to see Defendant Cubria at his office located within Defendant Edgewater at 5700 North Ashland, Chicago, Illinois. Prior to arriving at Dr. Cubria's office, Dorothy did not know she was being taken to see a cardiologist. Prior to arriving at Dr. Cubria's office, Dorothy did not know that the doctor she was to be seeing had offices on the north side of Chicago, approximately 25 miles from her residence.

24. Dorothy was examined by Dr. Cubria. Despite the fact that Dorothy had no chest pains or other symptoms which would indicate a possible problem with her heart, Dr. Cubria had her admitted as an in-patient to Edgewater on an "urgent" basis.

25. While hospitalized, Dr. Cubria performed invasive procedures including an angiogram and insertion of a heart

7

catheter. Both said procedures were performed on Dorothy despite the fact that there was no indicated medical necessity for Dorothy's hospitalization let alone invasive testing.

26. Dorothy was discharged from Edgewater on October 16, 1998. Defendant Edgewater arranged for Dorothy to be transported back to Altgeld Gardens. As part of her discharge instructions, Dorothy was instructed to contact a home health care agency located in a far northwest suburb of Chicago and to make an appointment to see Dr. Cubria.

27. Dorothy never contacted the home health agency she was instructed to contact (or any other home health agency for that matter) nor did she do any follow up with Dr. Cubria as she did not believe either to be necessary.

28. There was no legitimate medical reason for Defendant Cubria to have Dorothy admitted into Edgewater, let alone on an "urgent" basis. Dorothy never complained of any chest pain nor did she exhibit any symptoms which would have warranted the invasive heart examinations performed upon Dorothy by Dr. Cubria at Edgewater. The only true "urgency" in having Dorothy immediately admitted into Edgewater was so that Defendants Cubria and Edgewater would have an opportunity to provide unnecessary medical services (for which they would bill Medicare) before

8

Dorothy changed her mind.

29. On or about April, 1999, Wellness sponsored a "free clinic" at a building located at 1039 West Bryn Mawr, Chicago, Illinois.

30. At said time and place, Florence H. ("Florence") resided in Apartment 316 of the 1039 West Bryn Mawr building. On said date, Florence was 78 years old and was generally in good health. Florence's personal physician was Dr. Sriram.

31. Florence attended the free clinic. After having her temperature and blood pressure taken, the tester informed Florence that her test results were such that it would be in her best interest to be seen by a doctor at Wellness. The tester then offered to have Florence transported to and from the doctor's office and seen by the doctor all at no cost to her. Florence agreed to this arrangement. The tester did not even inquire if Florence had her own personal doctor.

32. The next day a van came to her building to transport Florence to the doctor's office. In addition to Florence, approximately six other residents of the Hollywood building got into the van with her. The van transported everyone to Doctors Hospital. Doctors Hospital was located at 5800 South Stony Island, Chicago, Illinois. Prior to arriving at Doctors

Hospital, Florence did not know that the doctor she was supposed to be seeing had offices on the south side of Chicago, approximately 15 miles from her residence.

33. Upon arriving at Doctors Hospital, she and her neighbors were all told that they needed to be admitted into the Hospital before they could be seen by Dr. Barnabas. Florence's neighbors who came with her in the van agreed to be admitted and were in fact admitted into Doctors. Despite attempts by personnel at Doctors Hospital to have Florence agree to be admitted, she refused. Doctors Hospital transported Florence back to her apartment on the north side.

34. From the time Florence attended the "free clinic" through the time that Doctors sought to have her admitted as an in-patient, no legitimate medical basis existed for admitting Florence into the Hospital. Upon information and belief, no legitimate medical basis existed in having Florence's neighbors admitted into the Hospital at the time they were so admitted. The only reason Defendants Wellness and Doctors sought to have Florence and her neighbors admitted was so that the Hospital and its doctors would have an opportunity to bill Medicare for medical services provided despite the fact said services were medically unnecessary.

10

## Count I

## Violations of Federal False Claims Act (31 USC §3729(a)(1))

35. This is a civil action brought by Relator to recover treble damages and civil penalties under §3729(a)(1) of the False Claims Act.

36. Relator repeats and realleges each allegation in paragraphs 1 through 34 as if fully set forth herein.

37. Under the guise of providing help on behalf of the elderly poor, Defendant Wellness in fact preyed upon said individuals by recruiting them for admission into Defendants Edgewater and Doctors to be treated by Defendants Barnabas or Cubria.

38. Despite the fact Doctors Barnabas maintained privileges at both Defendants Doctors and Edgewater, patients recruited from free clinics provided at buildings on the north side of Chicago, would be transported for admission into Doctors Hospital on the south side of Chicago. Patients recruited from free clinics provided by Wellness at buildings located on the south side of Chicago would be transported to Edgewater Hospital located on the north side of Chicago. Defendants' purpose in transporting patients to a hospital many miles from where they live, was to isolate them from their families, friends, and personal

11

physicians.

39. The claims submitted by Defendants Edgewater, Doctors, Cubria, and Barnabas, for services provided on behalf of patients under the circumstances set forth herein, are false and fraudulent in that all such services were, and known by Defendants to be, medically unnecessary. It is only through the "referral" of patients by Defendant Universal to Defendant Wellness that the unnecessary medical services came to be performed by the remaining Defendants.

40. By reason of the false claims presented or caused to be presented by Defendants, the United States has incurred damages to be proven at trial.

WHEREFORE, Relator demands and prays that judgment be entered against the Defendants, and each of them, for triple the amount of false claims filed for medically unnecessary services performed under the circumstances set forth herein, together with the maximum civil penalty assessed against each Defendant for each false claim filed, and that Defendants be assessed attorney's fees and costs of this action, and for such other relief as may be appropriate and just.

## Count II

### Violations of State of Illinois Whistleblower Reward and Protection Act (740 ILCS 175/3)

41. This is a civil action brought by Relator to recover treble damages and civil penalties under §740 ILCS 175/3 of the Whistleblower Reward and Protection Act.

42. Relator repeats and realleges each allegation in paragraphs 37 through 40 above, as if fully set forth herein.

43. The claims presented, or caused to be presented, by Defendants to Medicaid for unnecessary medical services provided on behalf of patients under the circumstances set forth herein, are false and fraudulent. Under the law, the Defendants, and each of them, are liable to the State of Illinois for the false claims presented.

44. By reason of the false claims presented or caused to be presented by Defendants, the State of Illinois has incurred damages to be proven at trial. Defendants, and each of them, are liable, under the Whistleblower Reward and Protection Act for three times the amount of the damages incurred by the State of Illinois plus a civil penalty for each false claim.

WHEREFORE, Relator demands and prays that judgment be entered against the Defendants, and each of them, for triple the

13

amount of false claims filed, that the maximum civil penalty be assessed against each of the Defendants for each false claim filed, that the Defendants be assessed attorney's fees and costs of this action, and for such other relief as may be appropriate and just.

_____
Attorney for Relator

SIDNEY R. BERGER
SUITE 3700
THREE FIRST NATIONAL PLAZA
CHICAGO, ILLINOIS 60603
312-558-6730

14

JS 44
(Rev. 07/86)

**CIVIL COVER SHEET**

DOCKETED
MAY - 8 2002

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I (a) PLAINTIFFS
ANNE BANNON

JUDGE LINDBERG

MAGISTRATE JUDGE KEYS

### DEFENDANTS
EDGEWATER HOSPITAL, DOCTORS HOSPITAL, DR. AND CUBRIA, DR. RAVI BARNABAS, DR. SATISH BARNABA UNIVERSAL GERIATRIC SERVICES, INC., and WELLN INSTITUTE, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Cook
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Sidney R. Berger
Three First National Plaza, Suite 3700
Chicago, Illinois 60602
312-558-6730

00C 7036

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

### IV. CAUSE OF ACTION
31 U.S.C. Sec. 3730 - Action being brought on behalf of U.S. Government for recovery of amounts paid in false claims.

### V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury—Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs ☐ 660 Occupational Safety/Health | ☐ 820 Copyrights ☐ 830 Patent | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☒ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment / ☐ 530 Habeas Corpus | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 550 Civil Rights | | | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | |
| ☐ 290 All Other Real Property | | | | |

### VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $
JURY DEMAND: ☒ YES ☐ NO

### VIII. REMARKS
In response to ☒ is not a refiling of a previously dismissed action
General Rule 2.21D(2) this case ☐ is a refiling of case number _____ of Judge _____

DATE 11/8/00
SIGNATURE OF ATTORNEY OF RECORD /s/ S. R. Berger

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS



DOCKETED
MAY - 8 2002

JUDGE LINDBERG

**In the Matter of** ANNE BANNON
vs.
EDGEWATER HOSPITAL, DOCTORS HOSPITAL, DR. ANDREW CUBRIA, DR. RAVI BARNABAS, DR. SATISH BARNABAS, UNIVERSAL GERIATRIC SERVICES, INC., and WELLNESS INSTITUTE, INC.

**Case Number** 00C 7036

MAGISTRATE JUDGE KEYS

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:**

ANNE BANNON

| (A) | (B) |
|---|---|
| SIGNATURE: *[signed]* | SIGNATURE: |
| NAME: Sidney R. Berger | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: Three First National Plaza, #3700 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60602 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: 312-558-6730 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
|  | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

**PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.**