

IN THE UNITED STATES OF AMERICA
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNE BANNON, Individually, and ex. Rel. UNITED STATES OF AMERICA and THE STATE OF ILLINOIS | |
| Realtor, | No. 00 C 7036 |
| VS | Judge George W. Lindberg |
| EDGEWATER MEDICAL CENTER; DR. ANDREW CUBRIA; DR. RAVI BARNABAS; UNIVERSAL GERIATRIC SERVICES, INC.; ANTHONY TODDY; THE WELLNESS INSTITUTE, INC.; DR. KRISHNASWAMI SRIRAM; TWO HUNDRED PHARMACY, INC.; JEFF W. VEAL; DOCTORS HOSPITAL OF HYDE PARTK, INC. | Magistrate Judge Arlander Keys |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Defendant Edgewater Medical Center's Motion to Compel relator Anne Bannon's Disclosure Statement. After reviewing the Disclosure Statement *in camera*, the Court orders Ms. Bannon to produce the document, redacting only the final paragraph of the disclosure statement as protected work product.

**DISCUSSION**

Plaintiff's Complaint alleges that Defendants knowingly submitted false claims to Medicare and Medicaid in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3730(b) (West 2005), and the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/3. Ms. Bannon filed this action on behalf of herself

and the United States under the *qui tam* provisions of the FCA, 31 U.S.C. §3730(b)(1). A *qui tam* relator cannot proceed on her claim, however, if her complaint is based upon public disclosures, and if the relator is not the original source of that disclosure. In addition, the FCA requires *qui tam* relators to submit to the government a "written description of substantially all material evidence and information the person possesses," along with a copy of the complaint. 31 U.S.C. § 3730(b)(2).

Defendant Edgewater Medical Center ("Edgewater") requested that Ms. Bannon produce a copy of her disclosure statement. Edgewater argues that the factual allegations in the disclosure statement are highly relevant to the issues of jurisdiction and standing in this case. Ms. Bannon refused to comply, offering to produce only a severely redacted version[1] of the document. Ms. Bannon contends that the document constitutes work product and is protected by the attorney-client privilege.

Although the FCA is silent as to whether disclosure statements may be privileged, courts have largely concluded that the statements are protected, at least to some degree, by the work-product doctrine. *See United States v. Ben Franklin Bank,* No. 99 C 6311, 2003 WL 22071484, at *2 (N.D. Ill. Sept. 4, 2003) (citing

---

[1] Specifically, Ms. Bannon has agreed to produce the disclosure statement with everything redacted, except the date and the opening sentence.

2

F.R.C.P. 26(b) and discussing cases). And while Edgewater argues that Ms. Bannon's submission of the disclosure statement to the government waives any privilege, this Court agrees with the majority of courts in this district, who have concluded that submitting the disclosure statement to the government, in accordance with the requirements of the FCA, does not result in the waiver of the work product privilege. *Ben Franklin Bank*, 2003 WL 22071484, at *2.

The protection afforded by the work product doctrine is not absolute, however, and courts recognize that all work product is not created equal. *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 (7th Cir. 1996). While ordinary work product is discoverable upon a defendant's showing of substantial need and undue hardship, opinion work product – ie, the relator's and her attorney's mental impressions, conclusions, opinions or legal theories – is never discoverable. *Id.*

In the instant case, Edgewater bears the burden of establishing that it is entitled to the disclosure statement, by showing its substantial need for the evidence, and by demonstrating that it would suffer undue hardship in procuring the requested information some other way. *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 918 F. Supp. 1338 (E.D. MO. 1996)) (citing Rule 26(b)(3)). Edgewater argues that it has satisfied its Rule 26(b)(3) burden, because a review of Ms.

Bannon's actual disclosure statement is the only way to determine whether Ms. Bannon's complaints are based upon public disclosures and whether Ms. Bannon is the original source of the disclosure. The Court agrees that such a showing is sufficient to entitle Edgewater to the ordinary work product contained in the disclosure statement. *See, e.g., United Sates v. Rush-Presbyterian/St. Luke's Med. Center,* NO. 99 C 6313, 2001 WL 40807, at *3 (N.D. Ill. July 16, 2001); and *McDonnell Douglas Corp.,* 918 F. Supp. at 1346.

Having determined that Edgewater has satisfied its Rule 26(b)(3) burden, the Court concludes that it is entitled to receive the entire disclosure statement, with the exception of the final paragraph. In the final paragraph of the disclosure statement, Ms. Bannon's attorney summarizes the facts disclosed in the statement, and discusses the legal and practical significance of these facts. This final paragraph reflects Ms. Bannon's attorney's mental impressions, conclusions and thought processes and, therefore, constitutes *opinion* work product, which is not discoverable, even upon a showing of substantial need and undue hardship.

**CONCLUSION**

For the reasons set forth above, Defendant Edgewater's Motion to Compel is granted in part, and denied in part. Ms. Bannon is ordered to provide Defendant Edgewater with her

disclosure statement, redacting only the final paragraph of the statement.

DATE: April 15, 2005     E N T E R E D:

*Arlander Keys* (signature)
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT