

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ANNE BANNON and THE STATE OF ILLINOIS,<br><br>Plaintiffs,<br><br>-vs-<br><br>EDGEWATER HOSPITAL, INC.; DR. ANDREW CUBRIA; DR. RAVI BARNABAS; UNIVERSAL GERIATRIC SERVICES, INC.; ANTHONY TODD; THE WELLNESS INSTITUTE, INC.; DR. KRISHNASWAMI SRIRAM; TWO HUNDRED PHARMACY, INC.; JEFF W. VEAL; DOCTORS HOSPITAL OF HYDE PARK, INC.,<br><br>Defendants. | No. 00 C 7036<br><br>JUDGE GEORGE W. LINDBERG |

## MEMORANDUM AND ORDER

On February 24, 2004, relator Anne Bannon ("Bannon") filed a second amended complaint ("complaint") against various defendants. Count I alleged that defendants violated the False Claims Act ("FCA"), 31 U.S.C. § 3730(e)(4)(A), and Count II alleged that the defendants also violated the Illinois Whistleblower Reward and Protection Act, 740 ILCS 175/4(e)(4)(A). Defendant Edgewater Medical Center ("EMC") answered Bannon's complaint on November 12, 2004. EMC then filed a motion for judgment on the pleadings on Counts I and II of the complaint on January 12, 2005, pursuant to Federal Rules of Civil Procedure 12(c) and 9(b). For the reasons set forth below, EMC's motion is granted in part and denied in part.

00 C 7036

EMC advances two arguments in support of its Rule 12(c) motion. First, EMC argues that Bannon does not adequately plead the public disclosure requirement of the FCA. Second, EMC states that Bannon's allegations of negligence fail as a matter of law.

The FCA forbids courts from hearing qui tam actions based on publicly disclosed allegations unless the relator is the "original source" of the information that the fraud occurred. See 31 U.S.C. § 3730(e)(4)(A). The FCA establishes "civil penalties for any person who files a false or fraudulent claim for payment or approval with the United States government." United States ex rel Matthews v. Bank of Farmington, 166 F.3d 853, 866 (7th Cir. 1999). The FCA can be enforced by either the United States Attorney General or by a private citizen, termed a relator. Id. The action brought by the relator is a qui tam lawsuit, and can be brought on behalf of the realtor and the United States government. Id.

EMC first argues that Bannon's complaint should be dismissed pursuant to Rule 12(c) because it fails to adequately allege compliance with the public disclosure bar requirement. In an attempt to limit the number of qui tam actions brought under the FCA, Congress enacted section 3730(e)(4)(A) which prohibits the court from "having jurisdiction based on the public disclosure of allegations . . . unless . . . the person bringing the action is an original source of the information." §3730(e)(4)(A). The Seventh Circuit has interpreted this statute to make the public disclosure bar a substantive element of a claim under the FCA. Id. Thus, this court has jurisdiction over the claims and must look to the allegations of the pleadings to determine whether the complaint states a claim.

Federal Rule of Civil Procedure 12(c) "permits a party to move for judgment on the pleadings after the pleadings have closed." Northern Indiana Gun & Outdoor Shows, Inc. v.

2

00 C 7036

City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998); see also Fed.R.Civ.P. 12(c). Because EMC's motion challenges the sufficiency of the complaint, the complaint is judged under the same standard applicable to a Rule 12(b)(6) motion to dismiss. This court can only grant the Rule 12(c) motion if "it appears beyond any doubt that the plaintiff cannot prove any facts that would support [her] claim for relief." Craigs, Inc. v. General Electric Capital Corporation, 12 F.3d 686, 686, 688 (7th Cir. 1993). When making this determination, the court must "view the facts in the complaint in the light most favorable to the nonmoving party . . . ." Northern Indiana Gun & Outdoor Shows, Inc, 163 F.3d at 452. However, there is no obligation to ignore facts in the pleadings that potentially undermine Bannon's allegations or to give weight to unfounded conclusions of law. Id.

EMC argues that Bannon has an affirmative duty to allege compliance with the public disclosure bar and that Bannon's claim should be dismissed because she fails to allege that the information is not based on publicly disclosed information or that she is the original source of the information. However, EMC does not cite any binding authority in support of this heightened pleading requirement. The only authority EMC references is a case decided by the United States District Court for the Northern District of Texas. See United States of America, ex rel., Coppock v. Northrop Grumman Corp. 2003 U.S. Dist. LEXIS 12626 (N.D. Tex. 2003). This court is not persuaded by the reasoning in this case. In order for there to be a specificity requirement in pleading, it is necessary to be able to trace the requirement to a statute or the Federal Rules of Civil Procedure. See Leatherman et al. v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993). Rule 8(a)(2) only requires that a complaint include "a short and plain statement of the claim that the pleader is entitled to relief."

3

00 C 7036

Fed.R.Civ.P. 8(a)(2). Contrary to EMC's contention, Rule 8(a)(2) does not require a plaintiff to set out in detail the facts upon which she bases her claim. Conley v. Gibson, 355 U.S. 41, 45 (1957).

Rule 9(b) requires that "all averments of fraud or mistake" be stated with particularity. Fed.R.Civ.P. 9(b). While Bannon's underlying claim is of a species of fraud, information indicating the original source of the fraudulent claims is not an averment of fraud or mistake. Thus, Rule 9(b) does not require that averments as to public disclosure be stated with particularity. The complaint will not be dismissed on the ground that lack of public disclosure is not specifically pled.

EMC next contends that Bannon's claim of negligence in Counts I and II of her complaint should be dismissed. EMC argues that both the Illinois Whistleblower Reward and Protection Act and the FCA require Bannon to allege that EMC knowingly submitted a false claim to the federal government. See U.S.C. § 3729(a)(1); 740 ILCS 175/3(a)(1). This argument is well taken. Both the FCA and the Illinois Whistleblower Reward and Protection Act require that EMC have knowingly submitted, made, brought, authorized or received a false claim. Bannon alleges that EMC acted with deliberate ignorance and was negligent in supervising its operations and billing practices. However, according to the FCA and the Illinois Whistleblower Reward and Protection Act, mere negligence is not enough. See Hindo v. University of Health Scis. The Chicago Medical School, 65 F.3d 608, 613 (7th Cir. 1995); 740 ILCS 175/4(e)(4)(A). Therefore, to the extent that Counts I and II allege claims premised upon negligence they are dismissed.

4

00 C 7036

Lastly, EMC argues that Bannon's complaint fails to comply with Rule 9(b). Rule 9(b) requires that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . be stated with particularity." Fed. R. Civ. P. 9(b). The 7th Circuit has said that the rule has three main purposes: (1) protecting a defendant's reputation from harm; (2) minimizing "strike suits" and "fishing expeditions"; and (3) providing notice of the claim to the adverse party. Vicom, Inc. V. Harbridge Merchant Services, Inc., 20 F.3d. 771, 777 (7th Cir. 1994). The rule requires that a plaintiff alleging fraud state the identity of the person or persons who made the misrepresentation; the time, place and content of the misrepresentation; and the method by which the misrepresentation was communicated to the plaintiff. Id. Specifically, a claim of fraud requires the "who, what, when, where and how; the first paragraph of any newspaper story." DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1995).

Bannon fails to meet the particularity requirement required for pleading fraud under Rule 9(b). Bannon does not state when the misrepresentations were made and who was ultimately responsible for submitting the claims to Medicare and Medicaid. Bannon only alleges that EMC acted with deliberate ignorance and was negligent in managing the operations and billing practices and in submitting bills to Medicare. Although the complaint alleges in general terms that EMC made false claims under the FCA, it does not associate specific sets of statements with particular agents of EMC, specify the content of these statements, or articulate a time or place that the fraudulent claims were made. Thus, the complaint does not meet the Rule 9(b) specificity requirement. EMC's motion for dismissal on the pleadings pursuant to Rule 9(b) is granted.

5

00 C 7036

Finally, EMC asks the court to dismiss Bannon's complaint with prejudice. EMC argues that the purposes of the FCA would be frustrated by allowing Bannon to amend the complaint to comply with the pleading requirements of Rule 9(b). However, EMC has not established that this is true or that, if true, this would be grounds for denying Bannon the opportunity to amend the deficiencies of the complaint. Thus, Bannon will be granted leave to amend the complaint.

**ORDERED**: Defendant Edgewater Medical Center's motion for judgment on the pleadings on Counts I and II of the complaint [46] is granted in part and denied in part. Relator Anne Bannon is granted to leave to file a third amended complaint on or before April 29, 2005.

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: _____April 14, 2005_____